# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2026

Lyle W. Cayce
Clerk

No. 25-30305

———

LOCAL 1374, *Jefferson Parish Firefighters Association*,

*Plaintiff—Appellee*,

*versus*

LAKOSHIA R. ROBERTS, *In her official capacity as Chairwoman of the Louisiana Board of Ethics*; JOSE I. LAVASTIDA, *Reverand, in his official capacity as Vice Chairman of the Louisiana Board of Ethics*; ANNE P. BANOS, *In her official capacity as Board Member of the Louisiana Board of Ethics*; CAMILLE R. BRYANT, *In her official capacity as Board Member of the Louisiana Board of Ethics*; PAUL HARVEY COLOMB, *In his official capacity as Board Member of the Louisiana Board of Ethics*; SARAH S. COUVILLON, *In her official capacity as Board Member of the Louisiana Board of Ethics*; MARK A. ELLIS, *In his official capacity as Board Member of the Louisiana Board of Ethics*; WILLIAM D. GRIMLEY, *In his official capacity as Board Member of the Louisiana Board of Ethics, also known as Bill Grimley*; JACQUELINE A. SCOTT, *In her official capacity as Board Member of the Louisiana Board of Ethics*; ALFRED W. SPEER, *In his official capacity as Board Member of the Louisiana Board of Ethics*,

*Defendants—Appellants*.

———

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2139

———

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:

Craig Burkett, a fire captain, was on the Jefferson Parish Fire Civil Service Board ("CSB") and served as the Vice President of the Jefferson Parish Firefighters Association, Local 1374 ("the Union"), a union representing Burkett's fire department. Before Burkett's election to the CSB, the Union would pay to retain legal counsel for Union members appearing before the CSB. The Union stopped paying for legal counsel in 2018 because the Louisiana Board of Ethics issued an advisory opinion stating that such an arrangement violated state law so long as Burkett served on the CSB.

The Board later issued a binding declaratory opinion reaffirming the advisory opinion's view, stating that its analysis applies if any officer of the Union serves on the CSB. The Union appealed to the Louisiana First Circuit Court of Appeal, asserting that the declaratory opinion misinterpreted the relevant provision of Louisiana law; the Union then sued in federal court, asserting that the declaratory opinion violated its First Amendment rights. The district court granted the Union a preliminary injunction on First Amendment grounds and declined to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), or *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The state appealed, claiming that the district court erred in failing to abstain and that the court abused its discretion in granting the preliminary injunction. Since this case has been on appeal, all relevant state court proceedings have ended.

On the eve of oral argument, this court was informed that Burkett had resigned from the CSB. That factual development moots the appeal and the entire case. We vacate the injunction and remand to the district court to dismiss for want of jurisdiction.

No. 25-30305

## I.

Article III restricts the jurisdiction of the federal courts to cases and controversies. *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023). There ceases to be a case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) (per curiam)) (citation modified). A live controversy must exist at all stages of the litigation. *Freedom From Religion Found.*, 58 F.4th at 831. "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

We must address jurisdictional issues, such as mootness, before the merits. *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021). We review whether an appeal has been mooted *de novo*. *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 671 (5th Cir. 2023).

## A.

Both the appeal and the case in its entirety are moot because neither party has a legally cognizable interest in the outcome after Burkett's resignation. As to the appeal, the injunction prohibits the ethics board from enforcing the declaratory opinion as applied to the Union. With no Union officer on the CSB, there is no ongoing violation of the ethics ruling and no threat of enforcement from Louisiana. The Union is now free to pay for its members' legal representation, as the ethics conflict under Louisiana law has been resolved. Consequently, there is no live controversy between the Union and Louisiana as it relates to the injunction, and neither party maintains a cognizable interest in the appeal.

Likewise, the same change in facts has ended the case or controversy.

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Burkett's resignation removed any interest the Union had in protecting its alleged First Amendment right, given that the Union's actions no longer fall within the scope of Louisiana law and are unlikely to do so in the future. Because of that change in circumstance, the Union lacks a personal stake in the outcome of the lawsuit, and the case is moot.

The voluntary-cessation exception to mootness is inapplicable. As to the mootness of the case, there was no voluntary cessation on the part of Louisiana. As to mootness of the appeal, though *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000), and related cases stand for the proposition that there are, in fact, rare situations in which the plaintiff's voluntary cessation will be sufficient grounds to invoke the voluntary-cessation exception to mootness, there are several reasons why *Pap's A.M.* is inapplicable.[1]

First, *Pap's A.M.* and the voluntary-cessation exception to mootness do not apply because the Union's actions did not cause the appeal to become moot. Though Burkett is an officer of the Union, there's no evidence that the Union could or would have directed him to step down from the CSB. Instead, the only evidence suggests that Burkett stepped down of his own accord. In other words, there was no voluntary cessation on the part of a

---

[1] *See also Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health*, 55 F.4th 1312, 1315 (11th Cir. 2022) (finding that the plaintiff's ending its vaccine mandate policy did not moot the case); *cf. Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71–72 (1997) ("Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or, relevant here, the *unilateral action of the party who prevailed in the lower court*.") (citation modified).

party to the suit.

Second, the facts here differ significantly from those in *Pap's A.M.*
There, the city suffered an "ongoing injury because it [was] barred from
enforcing the public nudity provisions of its ordinance." *Pap's A.M.*,
529 U.S. at 288. No such injury exists here, as the ethics ruling is binding
only on the Union, and the state has no interest in enforcing the ethics ruling
against the Union because the Union's activities no longer result in a viola-
tion of the ruling. Additionally, *Pap's A.M.* found it relevant that the city
sought to invoke the federal judicial power. *Id.* In contrast, Louisiana agrees
that the appeal is mooted and goes even further, suggesting that the entire
case is mooted by the change in the facts. *Pap's A.M.* cannot save this case
from mootness.

The exception to mootness for cases where the harm is capable of
repetition yet evading review is also inapplicable. That exception requires
that "(1) the challenged action was in its duration too short to be fully liti-
gated prior to its cessation or expiration, and (2) there was a reasonable
expectation that the same complaining party would be subjected to the same
action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). "Under the
second prong, the party invoking jurisdiction must show a demonstrated
probability or reasonable expectation, not merely a theoretical possibility,
that it will be subject to the same government action." *Lopez v. City of Hous.*,
617 F.3d 336, 340 (5th Cir. 2010) (citation modified).

At a minimum, there is no reasonable expectation that the Union will
be subjected to the same action again. There is no evidence in the record that
an officer of the Union ever held office on the CSB before Burkett, and there
has been no indication that an officer of the Union intends to serve on the
CSB again. On these facts, all that the Union has shown is a theoretical pos-
sibility that it will be subject to the same governmental action. Therefore,

No. 25-30305

this mootness exception cannot apply.

## B.

Where a controversy has become entirely moot, it is the "*duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."[2]  That is the very situation in the wake of Burkett's resignation.  Accordingly, we VACATE the preliminary injunction and REMAND with direction to dismiss for want of jurisdiction.

---

[2] *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (per curiam) (quoting *Duke Power Co. v. Greenwood Cnty.*, 299 U.S. 259, 267 (1936) (per curiam)); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).